# NO. 12-14-00267-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | *§* | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | *§* | *COUNTY COURT AT LAW* |
| *OF K. G.* | *§* | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

K.G. appeals from an order authorizing the Texas Department of State Health Services (the Department) to administer psychoactive medication-forensic. In one issue, K.G. asserts the evidence is legally and factually insufficient to support the trial court's order. We reverse and render.

## BACKGROUND

On August 20, 2014, Dr. Robert Lee signed an application for an order to administer psychoactive medication-forensic to K.G. In the application, Lee stated that K.G. was subject to an order for inpatient mental health services issued under Chapter 46B (incompetency to stand trial) of the Texas Code of Criminal Procedure. He stated further that K.G. had been diagnosed with psychosis not otherwise specified and schizoaffective disorder, bipolar type, and requested the trial court to compel K.G. to take psychoactive medications including antidepressants, anxoilytic/sedative/hypnotics, antipsychotics, and mood stabilizers. According to Lee, K.G. verbally refused to take the medications and, in his opinion, K.G. lacked the capacity to make a decision regarding administration of psychoactive medications because he has no insight into his mental illness, and exhibits paranoid delusions about his medications, nursing staff, and peers.

Lee concluded that these medications were the proper course of treatment for K.G. and that, if he were treated with the medications, his prognosis would be fair. Lee believed that, if K.G. were not administered these medications, he would remain psychotic and paranoid, and his

mental condition will deteriorate because he will not be compliant with his medications. Lee considered other medical alternatives to psychoactive medication, but determined that those alternatives would not be as effective. He believed the benefits of the psychoactive medications outweighed the risks in relation to present medical treatment and K.G.'s best interest. Lee also considered less intrusive treatments likely to secure K.G.'s agreement to take psychoactive medication.

The trial court held a hearing on the application. At the close of the evidence, the trial court granted the application. After considering all the evidence, including the application and the expert testimony, the trial court found that the allegations in the application were true and correct and supported by clear and convincing evidence. Further, the trial court found that treatment with the proposed medication was in K.G.'s best interest and that K.G. lacked the capacity to make a decision regarding administration of the medication. The trial court authorized the Department to administer psychoactive medications to K.G., including antidepressants, antipsychotics, mood stabilizers, and anxiolytics/sedatives/hypnotics. This appeal followed.

<u>SUFFICIENCY OF THE EVIDENCE</u>

In his sole issue, K.G. argues that the evidence is legally and factually insufficient to support the trial court's order to administer psychoactive medication-forensics. More specifically, K.G. contends that the State failed to prove, by clear and convincing evidence, that he lacked the capacity to make a decision regarding administration of medication and that treatment with the proposed medications was in his best interest. Because of our disposition of K.G.'s legal sufficiency argument, we do not address factual sufficiency. *See* TEX. R. APP. P. 47.1.

## Standard of Review

In a legal sufficiency review where the burden of proof is clear and convincing evidence, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id.* This does

2

not mean that we are required to ignore all evidence not supporting the finding because that might bias a clear and convincing analysis. ***Id.***

## Order to Administer Psychoactive Medication

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (West 2010). The court may issue an order if it finds by clear and convincing evidence after the hearing that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication, and (2) treatment with the proposed medication is in the best interest of the patient. ***Id.*** § 574.106(a-1). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. ***State v. Addington***, 588 S.W.2d 569, 570 (Tex. 1979). "Capacity" means a patient's ability to (1) understand the nature and consequence of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. TEX. HEALTH & SAFETY CODE ANN. § 574.101(1) (West 2010).

In making its findings, the trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the prognosis for the patient if the patient is treated with psychoactive medication, (6) alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. TEX. HEALTH & SAFETY CODE ANN. § 574.106(b) (West 2010).

## Analysis

At the hearing on the application, Dr. Robert Caldwell testified that he was K.G.'s treating physician, that he had met with K.G., and that K.G. was currently under a Chapter 46B order for court-ordered inpatient mental health services. K.G. was charged with the unauthorized use of a motor vehicle. Caldwell stated that he had reviewed the application for an order to administer psychoactive medication-forensic completed by Dr. Robert Lee and believed that all

the statements in the application were true and correct.  According to Caldwell, he believed that K.G. lacked the capacity to make a decision regarding the administration of psychoactive medication because he had a manic sense of entitlement, believed that he was always right and everyone else was wrong, and would sometimes become violent without medications when he was "that way." Caldwell stated that K.G. could not weigh the risks versus the benefits of taking medications and make that decision on his own even though he understood when the staff explained those risks and benefits. K.G. told Caldwell that he did not mind taking his medications.  However, Caldwell could not count on K.G.'s taking his medications because he had "skipped" medications and had been "sporadic" in his compliance.  He stated that he had evidence of K.G.'s "surreptitious non-compliance" through "cheeking" his medications. Caldwell stated that he needed to be able to administer medications against K.G.'s will to counteract his noncompliance.  However, Caldwell did not indicate whether K.G. refused to accept medication voluntarily.

Caldwell stated that the exhibit to the application set forth the classes of medications that he wished to have access to for K.G.'s treatment.  He concluded that these medications were the proper course of treatment for K.G. and in his best interest.  Caldwell considered less intrusive means of treating K.G., but stated that these means would not be as effective.  He also stated that the benefits of these medications outweighed the risks associated with them.  Caldwell said that K.G. would regain competency faster if these medications were used.  He believed that if these medications were not used, it was "not likely" that K.G.'s competency would be restored.  None of these medications would interfere with K.G.'s capacity to confer with his counsel on the underlying criminal charge and, if they did, he would attend to any side effects.  K.G. did not have any religious or constitutional reasons for not taking his medications nor did he suffer any harmful side effects from any of the medications.

We note that nothing in the Texas Health and Safety Code regarding court ordered administration of psychoactive medication authorizes a trial court to base its findings solely on the physician's application.  *See* TEX. HEALTH & SAFETY CODE ANN. § 574.101-.110 (West 2010 & Supp. 2014).  Pleadings, such as the physician's application here, are not evidence that the statutory standard has been met.  *See id.* § 574.031 (West 2010) (stating that the Texas Rules of Evidence apply to the hearing for court ordered mental health services unless the rules are inconsistent with the subtitle); ***In re E.T.***, 137 S.W.3d 698, 700 (Tex. App.—San Antonio 2004,

4

no pet.); *see also **Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer***, 904 S.W.2d 656, 660 (Tex. 1995) (noting that, generally, pleadings are not competent evidence, even if sworn or verified).

Moreover, most of Caldwell's responses to questions from either attorney were "yes" or "no," without any explanation. He admitted that K.G. took his medications, but testified that he had evidence of K.G.'s "surreptitious non-compliance" because he "cheeked" his medications. However, he did not explain how K.G.'s "surreptitious non-compliance" showed a lack of capacity to decide whether he should be administered psychoactive medication. Consequently, there was no evidence from Caldwell at the hearing regarding why K.G. lacked the capacity to make a decision regarding administration of pyschoactive medications. *See **In re E.G.***, 249 S.W.3d 728, 731-32 (Tex. App.—Tyler 2008, no pet.). Further, a conclusory statement by Lee in the application, without any testimony or explanation from Caldwell at the hearing, cannot produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See **Addington***, 588 S.W.2d at 570.

Considering all the evidence in the light most favorable to the findings, we conclude that a reasonable trier of fact could not have formed a firm belief or conviction that K.G. lacked the capacity to make a decision regarding administration of the proposed medications and that treatment with the proposed medications was in his best interest. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1); *In re J.F.C.*, 96 S.W.3d at 266. Consequently, the evidence is legally insufficient to support the trial court's findings based upon section 574.106 of the Texas Health and Safety Code. We sustain K.G.'s sole issue as to the legal sufficiency of the evidence.

## DISPOSITION

We *reverse* the trial court's order authorizing the administration of psychoactive medication-forensic and *render* judgment denying the State's application for an order to administer psychoactive medication-forensic.

SAM GRIFFITH
Justice

Opinion delivered December 10, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 10, 2014**

**NO. 12-14-00267-CV**

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF K. G.,**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 41,104)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the trial court's order authorizing the administration of psychoactive medication-forensic should be reversed and rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the trial court's order authorizing the administration of psychoactive medication-forensic be, and the same is, hereby **reversed** and judgment is **rendered** denying the State's application for an order to administer psychoactive medication-forensic; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*